**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 24-1964

**Motion for:** cancelation of oral argument and remand of case to district court

Caption [use short title]

Radar Online LLC, et al. v. Federal Bureau of Investigation

Set forth below precise, complete statement of relief sought:

Defendant-Appellee seeks to cancel the upcoming oral argument and remand this case for further proceedings in district court in light of legal and factual changes that have occurred since the filing of this appeal.

**MOVING PARTY:** Federal Bureau of Investigation    **OPPOSING PARTY:** Radar Online LLC and James Robertson

☐ Plaintiff    ☑ Defendant

☐ Appellant/Petitioner    ☑ Appellee/Respondent

**MOVING ATTORNEY:** AUSA Allison Rovner    **OPPOSING ATTORNEY:** Christine Walz

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office, SDNY    Holland & Knight LLP

86 Chambers Street, 3rd Floor, New York, NY 10007    787 Seventh Avenue, 31st Floor, New York, NY 10019

(212) 637-2691; allison.rovner@usdoj.gov    (212) 513-3368; christine.walz@hklaw.com

Court- Judge/ Agency appealed from: U.S. District Court for the Southern District of New York, Honorable Paul G. Gardephe

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes    ☐ No    ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?    ☑ Yes ☐ No  If yes, enter date: January 28, 2026

**Signature of Moving Attorney:**
ALLISON ROVNER  Digitally signed by ALLISON ROVNER Date: 2026.01.07 16:41:00 -05'00'    **Date:** January 7, 2026    Service : ☑ Electronic  ☐ Other [Attach proof of service]

**Form T-1080 (**rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| RADAR ONLINE LLC and JAMES ROBERTSON, <br><br>          Plaintiffs-Appellants, <br><br>     v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br>          Defendant-Appellee. | No. 24-1964 |

**Memorandum of Defendant-Appellee Federal Bureau of Investigation in Support of Motion to Remand**

This memorandum is respectfully submitted in support of the motion of defendant-appellee the Federal Bureau of Investigation (the "FBI" or the "government") to cancel the upcoming oral argument and remand this case for further proceedings in district court in light of intervening events.

**A. Background**

This appeal involves a Freedom of Information Act ("FOIA") challenge to whether the FBI properly withheld records relating to the investigation and prosecution of Jeffrey Epstein. Core issues in this appeal include whether the FBI properly withheld records pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), due to the then-pending prosecution of Epstein associate Ghislaine

Maxwell, and Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6) & 7(C), to protect the personal privacy of individuals, including Epstein's victims.

The parties have fully briefed this matter, Dkt. Nos. 46, 48, 56, and argument is scheduled for January 28, 2026, Dkt. No. 58. During or after the course of briefing, however, three significant developments have occurred. First, on October 6, 2025—after plaintiffs' and the government's primary briefs were filed, but before plaintiffs' reply brief—the Supreme Court denied Maxwell's petition for certiorari, exhausting her last opportunity for direct review of her criminal conviction. *See Maxwell v. United States*, No. 24-1073 (U.S.). Second, on December 17, 2025, after all briefs were filed, Maxwell filed a motion to vacate her conviction under 28 U.S.C. § 2255, which, if successful, might result in a new trial for Maxwell. *See Maxwell v. United States*, No. 25 Civ. 10468 (S.D.N.Y.).

Lastly, after the parties filed their briefs, Congress passed the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025) (the "Act"), which became law on November 19, 2025. The Act requires, among other things, that the government "make publicly available . . . all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and the United States Attorneys' Offices, that relate to: (1) Jeffrey Epstein including all investigations, prosecutions, or custodial matters. (2) Ghislaine Maxwell. . . ." *Id.* § 2(a)(1)-(2).

2

The Act states that "[n]o record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political sensitivity, including to any government official, public figure, or foreign dignitary." *Id.* § 2(b)(1). The Act further provides that "[t]he Attorney general [sic] may withhold or redact the segregable portions of the record that . . . contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . . [or] would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary . . . ." *Id.* § 2(c)(1)(A) & (C).

The Act requires that "[a]ll redactions must be accompanied by a written justification published in the Federal Register and submitted to Congress." *Id.* § 2(c)(2). Finally, within fifteen days of completing public release of records pursuant to the Act, the Attorney General is required to "submit to the House and Senate Committees on the Judiciary a report listing: (1) All categories of records released and withheld. (2) A summary of redactions made, including legal basis. (3) A list of government officials and politically exposed persons named or referenced in the released materials, with no redactions permitted under subsection (b)(1)." *Id.* § 3(1)-(3).

Since the passage of the Act, the Attorney General has publicly released covered records, with additional responsive records to be released in the future. *See* Epstein Library, at https://www.justice.gov/epstein.

## B. Argument

In light of these developments, the issues presented in this case now differ significantly from that briefed by the parties, and accordingly the Court should cancel oral argument and remand this case to the district court for further proceedings.

First, the primary issue addressed in the briefs is the applicability of FOIA Exemption 7(A), which covers law enforcement records whose release could interfere with enforcement proceedings, including criminal trials. At the time of briefing, Maxwell's conviction was still potentially subject to direct review by the Supreme Court, a possibility foreclosed by the denial of certiorari. On the other hand, if Maxwell prevails on her newly filed § 2255 motion she may be subject to retrial. The district court did not address the applicability of Exemption 7(A) to matters subject to a pending collateral attack on the relevant criminal conviction, an issue that was not before it at the time. That is now a contested legal question between the parties, but it was not briefed by the parties below or in this Court.

Moreover, the Epstein Files Transparency Act and the release of documents mandated by the Act has also substantially changed the legal and factual setting of

4

this case. As noted, the Act requires release of the FBI's records relating to Epstein, subject to the permitted withholdings. Pub. L. No. 119-38 § 2(a)(1). Many documents have been released, and more are to be released going forward. That release may render this case factually moot. *See Giambalvo v. Suffolk County*, 155 F.4th 163, 179 (2d Cir. 2025) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quotation marks omitted)); *State Farm Mutual Auto. Ins. Co. v. Tri-Borough NY Medical Practice P.C.*, 120 F.4th 59, 78 (2d Cir. 2024) (appeal becomes moot when the "operative facts" change).

Accordingly, because the decision under review by this Court has been eclipsed by intervening law and facts, this Court should cancel the upcoming oral argument and remand this matter for further proceedings.[*] The questions of the assertion of Exemption 7(A) in the context of a § 2255 motion, mootness, and other procedural and substantive matters resulting from these changes are issues best addressed in district court in the first instance. *See, e.g.*, *Brocklesby Transport v. Eastern States Escort Services*, 904 F.2d 131, 134 (2d Cir. 1990) (where issue "turns in part on factual questions not addressed by the district court, we leave it to

---

[*] If the Court deems it appropriate, it could utilize the procedure set out in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994)—a remand for the district court to address outstanding matters, after which jurisdiction could be restored by the parties to the panel of the Court hearing the present appeal.

the district court to pass on the issue in the first instance"); *New York City Health & Hospitals Corp. v. Blum*, 678 F.2d 392, 397 (2d Cir. 1982) ("the determination of mootness should be made, in the first instance, in the district court").

Dated: January 7, 2026
New York, New York

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney for the
                                        Southern District of New York

                              By:    */s/ Allison M. Rovner*
                                        ALLISON M. ROVNER
                                        BENJAMIN H. TORRANCE
                                        Assistant United States Attorneys
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 1092 words.