UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RADAR ONLINE LLC and JAMES
ROBERTSON,
         *Plaintiffs-Appellants*,

   -v-

FEDERAL BUREAU OF
INVESTIGATION,

       *Defendant-Appellee*.

No. 24-1964

**OPPOSITION TO DEFENDANT-APPELLEE'S MOTION TO REMAND**

Plaintiffs-Appellants Radar Online LLC and James Robertson respectfully request that this Court deny Defendant-Appellee Federal Bureau of Investigation's ("FBI" or "Government") motion to cancel oral argument and remand this case.

## I.    BACKGROUND

The Government's motion rests on three intervening developments that were either fully anticipated or are legally irrelevant to the core issues on appeal: (1) the Supreme Court's denial of Ghislaine Maxwell's petition for certiorari; (2) Maxwell's habeas petition; and (3) Congress' passage of the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025) (the "Epstein Act"). The Government's motion to remand demonstrates a continued effort to further delay the resolution of the issues on appeal, and more importantly, delay the long-overdue production of

files that Appellants have sought since 2017. These dilatory tactics and ever-changing bases for withholding must end.

First, the Supreme Court's denial of certiorari petition in Ghislaine Maxwell's criminal case confirms Appellants' primary argument — the Government does not have a valid basis for relying on Exemption 7(A). This was anticipated and addressed in Appellant's opening motion. Second, Maxwell's subsequent collateral attack does not revive the Government's moot Exemption 7(A) theory. A pending § 2255 petition does not itself justify blanket 7(A) protection for an entire investigative file, especially where the prosecution and appeal are complete and a substantial portion of the file has already been publicly aired. Finally, the disclosures mandated by the Epstein Act operate in parallel with—rather than displacing—the FBI's long-standing FOIA obligations.

Despite the Government's suggestion, this case is far from moot. The Department of Justice has reviewed "less than 1%" of potentially responsive records in the two months since the Epstein Act was signed into law,[1] and has missed the December 12, 2025 deadline for substantial compliance. The FBI has released no additional documents in response to Appellants' original FOIA request, nor has it abandoned its categorical position on Exemption 7(A).

---

[1] Joe Walsh, *DOJ Says It Has Reviewed Less Than 1% of Epstein Files So Far*, CBS NEWS (Jan. 5, 2026, 11:36 PM EST), *available at* https://www.cbsnews.com/news/epstein-files-doj-says-it-has-reviewed-less-than-1-percent-so-far/.

2

The core legal issues in this appeal—particularly, the Government's improper retroactive assertion of Exemption 7(A) and its failure to demonstrate how disclosure would interfere with enforcement proceedings—are fully briefed and ripe for this Court's resolution. The Government's motion represents yet another attempt to delay the disclosure of documents that should have been released years ago. Indeed, the Government waited until January 7, 2026 to seek remand, even though Maxwell's certiorari petition was denied on October 6, 2025[2] (thereby exhausting her direct appeals) and the Epstein Act was signed into law on November 19, 2025. This FOIA case has been pending since 2017, is fully briefed, and is already set for oral argument; remand now would only reward dilatory tactics and further postpone resolution of this long-pending FOIA case.

## II.     ARGUMENT

### A.     The Supreme Court's Certiorari Denial Was Anticipated and Ghislaine Maxwell's Newly Filed § 2255 Motion Does Not Warrant Remand

The intervening developments on which the Government relies do not eliminate the core legal questions presented in this appeal; they underscore that this Court should resolve them now.

---

[2] To wit, as Plaintiffs explained in their briefs, Maxwell's certiorari petition did not advance any argument that would result in a re-trial. Rather, her April 2025 petition focused exclusively on the issue of immunity under Jeffrey Epstein's non-prosecution agreement.

The Supreme Court's denial of Ghislaine Maxwell's certiorari petition does not alter the legal questions presented in this appeal or justify a last-minute remand. In fact, that development was expressly anticipated in Appellants' opening brief: "If the Supreme Court denies Maxwell's cert petition, the Government's basis for relying on Exemption 7(A) is extinguished, and the Court should reverse the trial court's determination on Exemption 7(A) on these grounds alone." Dkt. 46.1 at 14. The conclusion of Maxwell's direct appeal and the subsequent filing of a collateral motion to vacate her conviction under 28 U.S.C. § 2255 do not change that legal analysis or create any need for additional fact-finding by the district court. The Government's Exemption 7(A) theory has always turned on the possibility of a future Maxwell retrial. The certiorari denial merely closed one route to that result, and the Government now invokes Maxwell's 28 U.S.C. § 2255 motion as another. That shift does not create a new factual dispute.

The Government's contention that Maxwell's collateral attack necessitates remand so the district court can evaluate its withholdings under FOIA Exemption 7(A) is without merit. The issues in this appeal have always been (1) whether the FBI may retroactively invoke FOIA Exemption 7(A) based on a law-enforcement proceeding that did not exist when Appellants submitted their original request and for years while the request was being processed, and (2) whether conjectural concerns about a hypothetical future retrial satisfy Exemption 7(A)'s requirement

4

that disclosure "could reasonably be expected to interfere with enforcement proceedings." Dkt 46.1 at 14. The end of Maxwell's direct appeal simply removes one asserted basis for the FBI's withholdings; it does not generate new facts requiring development in the district court. This Court can decide, as a matter of law, whether Exemption 7(A) was properly invoked on this record, and that question is fully briefed and ready for resolution.

Moreover, the Government still fails to explain how the release of records from Epstein's long-closed investigation "could reasonably be expected to interfere" with a hypothetical retrial of Maxwell in the event that she prevails on her § 2255 motion. 5 U.S.C. § 552(b)(7)(A). The arguments that Appellants raised in their briefing regarding the Government's failure to demonstrate any identifiable harm associated with the release of the records at issue remain equally applicable with respect to a habeas petition. *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1098 (D.C. Cir. 2014) ("[I]t is not sufficient for the agency to simply assert that disclosure will interfere with enforcement proceedings; 'it must rather demonstrate *how* disclosure' will do so.") (emphasis in original). Because substantial portions of the file at issue have already been disclosed publicly, the rationale for broad, categorical withholding is substantially diminished.

The law does not permit the Government to perpetually shield these records by continuously pointing to the next speculative proceeding in an endless chain of

5

#532001866_v4

litigation. The Government's position here reduces Exemption 7(A) to a tool for indefinitely shielding politically sensitive records from public view. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 230 (1978) (holding that "the thrust of congressional concern" in enacting Exemption 7(A) was "to make clear that the Exemption did not endlessly protect material simply because it was in an investigatory file"); *Solar Sources, Inc. v. U.S.*, 142 F.3d 1033, 1037, (7th Cir. 1998) (holding that "Exemption 7(A) does not permit the Government to withhold all information merely because that information was compiled for law enforcement purposes"); *Dickerson v. Department of Justice*, 992 F.2d 1426, 1431 (6th Cir. 1993) (reiterating that when investigation is over and purpose of it expired, disclosure would no longer cause interference). Because the Government has failed to carry its burden to demonstrate a concrete, foreseeable interference with a specific enforcement proceeding, its reliance on Exemption 7(A) is improper as a matter of law. The core dispute about the scope and timing of Exemption 7(A)—whether the government's reliance on Exemption 7(A) is legally sound—is properly for this Court to decide in this appeal, not on remand. This legal determination requires no further factual development, and this Court should resolve the issue without remand.

**B.     The Epstein Files Transparency Act Does Not Moot This Appeal**

The Epstein Files Transparency Act does not displace FOIA or extinguish Appellants' rights under 5 U.S.C. § 552. Nothing in the Epstein Act alters the

Government's obligations under the FOIA, and accordingly, the legal questions presented in this appeal remain exactly the same.

The Government's suggestion that this appeal may become moot based on disclosures under the Epstein Act is belied by its own inaction. An appeal becomes moot only when the relief sought is no longer available. Yet, in this case, the vast majority of responsive records remain withheld and the Government has articulated no concrete plan to produce them. The Government's production under the Epstein Act has been minimal. Earlier this month, the DOJ informed the District Court for the Southern District of New York that it has released about 12,285 Epstein-related documents totaling roughly 125,575 pages, while more than "2 million additional potentially responsive documents remain "in various phases of review," meaning less than one percent has been processed to date.[3]  At that pace, any potential mootness is not remotely imminent. Moreover, the Epstein Act allows for redaction under terms similar to 7 (A): "jeopardize an active federal investigation or ongoing prosecution."[4]

Meanwhile, the FBI has made no supplemental productions in this case and has not retreated from its blanket assertion of Exemption 7(A) over the records

---

[3] *See United States v. Ghislaine Maxwell*, No. 20 Cr. 330 (PAE), DOJ's Letter addressed to Judge Paul A. Engelmayer (January 5, 2026), Dkt No. 826; *see also* Joe Walsh, DOJ Says It Has Reviewed Less Than 1% of Epstein Files So Far, CBS NEWS (Jan. 5, 2026, 11:36 PM EST), available at https://www.cbsnews.com/news/epstein-files-doj-says-it-has-reviewed-less-than-1-percent-so-far/.
[4] Epstein Files Transparency Act. Pub. L. No. 119–38, 139 Stat. 656 (2025), available at https://www.congress.gov/bill/119th-congress/house-bill/4405/text.

#532001866_v4

Appellants seek. It is nonsensical for the FBI to simultaneously refuse to release additional records and maintain that its withholdings under FOIA are proper while pointing to a separate, long-term disclosure process as a basis for remand.

With the overwhelming majority of responsive records still withheld and the legality of the FBI's FOIA withholdings unresolved, this Court can plainly order meaningful relief under FOIA. The Government's limited, rolling disclosures under the Epstein Act do not eliminate the need for appellate resolution of the FOIA issues presented here. *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) ("A case becomes moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks and citation omitted).

## III.   CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court deny the Government's motion to remand and proceed with the scheduled oral argument. The issues presented by this appeal are legal, not factual, and are ripe for this Court's review.

8

Dated: January 15, 2026        Respectfully submitted,

/s/ Sara J. Benson
Sara J. Benson
Christine N. Walz
HOLLAND & KNIGHT, LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

Cynthia A. Gierhart
Sara J. Benson
HOLLAND & KNIGHT, LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone: 202.469.5416
Fax: 202.955.5564

Daniel Novack
1745 Broadway, 14th Floor
New York, New York 10019
(201) 213-1425

*Attorneys for Plaintiffs-Appellants*

9

#532001866_v4

## CERTIFICATION OF COMPLIANCE WITH RULE 32(a)

I hereby certify, pursuant to the Federal Rule of Appellate Procedure 27(d) and 32(a)(7)(C), that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Local Rule 32.1(a)(4) because this motion contains 1,729 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), and Local Rule 32.1(a), because this motion has been prepared in a proportionately spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: January 15, 2026

/s/ Sara J. Benson
Sara J. Benson
HOLLAND & KNIGHT, LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

#532001866_v4